UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD W. KUHN | : | |
|   Plaintiff | : | |
| vs. | : | CASE NUMBER 02-CV-363 (EBB) |
| COMPUTER SCIENCE | : | |
|   Defendant | : | OCTOBER 26, 2004 |

### PLAINTIFF'S RESPONSE TO 56(a)(1) STATEMENT

1. Admit.

2. Denied. Chavez was originally hired as Desktop Lead. (Chavez Depo. at 11).

3. Admit.

4. Plaintiff cannot admit or deny this statement as it is vague as to which Queue Administrator Position it refers to (ICMS, Problem Res., etc.), nor does it refer to a specific time frame. Plaintiff admits that at various times and in various positions, he was supposed to attempt to reach the customer by telephone and attempt to resolve the problem and, if unsuccessful, assign the call to a technician. Plaintiff denies that he alone was responsible for updating the status of each ticket and ensuring that the work on all tickets was completed by the Desktop Technicians. (Chavez Depo. at 114.)

5. Plaintiff admits that he was assigned to review and submit PWOs for a period of time. Plaintiff denies that these duties were necessarily part of the Queue

Administrator or Desktop Technician positions.  Plaintiff further denies that he was told to "complete any missing information."

6. Denied.  See Response to Number 2 above.

7. Denied.  Plaintiff was informed by Mr. Ahuja that the PWOs were returned to show him what was important for him to process the paperwork in the future and that he did not want Plaintiff to resubmit the paperwork.  (Kuhn Depo. at 76-78, 82-83.)

8. Admit.

9. Denied.  Plaintiff believes that this assertion is false and pretextual, and that Chavez simply preferred Anderson because he was substantially younger than Mr. Kuhn.  Plaintiff admits that he cannot say for sure how Mr. Anderson did while he was on vacation, but denies that their relative performance was a basis for Defendant's subsequent actions.

10. Plaintiff denies that he was told that CSC "needed" him to work 8 a.m. to 5 p.m., but admits that they asked him to work those hours and he agreed.  The remainder is admitted.  Plaintiff would note that this meeting took place after Plaintiff voiced complaints about being removed from the Queue Administrator position and replaced by Anderson.  Plaintiff further states that prior to being replaced by Anderson, no one at CSC had ever told him he was not doing a good job as Queue Administrator, as Chavez himself admits.  (Chavez Depo. at 58, 86.)

11. Denied.  Plaintiff denies that the problem was caused solely by "his failure to update the ticket".  Plaintiff was not the only one involved in this incident.  Plaintiff

denies that it was his job to record the "entire status of a job ticket" and admits only that such information may be helpful in some cases. (See Ex. G., Ex. A at 139-40, 147-48.)

12. Plaintiff admits that he asked to be allowed to work 6 a.m. to 3:30 p.m. on Tuesdays and Thursdays and that Chavez agreed. Plaintiff further admits that he began working 6 a.m. to 3:30 p.m. five days a week at Defendant's request. The remainder is denied. (Ex. A at 125-128.)

13. Denied. Chavez admitted that he did not prepare appraisals for **all** of his direct reports as some of those (younger) individuals had only recently been hired, and others were working as contractors. (Chavez Depo. at 193-94.) Plaintiff testified that he had a difficult time responding to the "Significant Accomplishment" portion of the self assessment because of the discrimination, harassment and retaliation he had been experiencing. (Kuhn Depo. at 171.) Moreover, Plaintiff would note that the Ex. J cited by Defendant has been "redacted", lacks foundation and that those printouts of computer generated reports and e-mails are easily manipulated.

14. Plaintiff can neither admit nor deny the contents of his purported performance review or when and why it was completed. As Chavez concedes, Plaintiff never received a copy of the appraisal prior to his termination. (Ex. B, ¶13.) Plaintiff denies that Ex. J accurately reflects his performance or attitude, but asserts that it was the result of Defendant's unlawful discriminatory and retaliatory motivations. Plaintiff further asserts that the performance appraisal was false and pretextual "hogwash", and completed to further Defendant's goal of unlawfully terminating Plaintiff. (Kuhn Depo. at

172.) Plaintiff further notes that in his previous 22 years in the computer industry, he had regularly received positive performance reviews (including his 2000 review at CSC), awards, compliments and favorable letters from customers.

15. Plaintiff can neither admit nor deny these allegations and, therefore, leaves Defendant to its proof. However, Defendant admittedly continued to hire younger employees immediately prior to and after these purported cost-cutting measures.

16. Admitted.

17. Admitted.

18. Denied. Defendant attempts to misconstrue Plaintiff's testimony, to which counsel objected, by taking Mr. Kuhn's testimony out of context. Mr. Kuhn does believe that Fred Chavez, Eric Anderson and others at CSC discriminated against him on account of his age, as stated in his CHRO charges and the complaint in the instant action. (See, e.g., Ex. A at 195.)

19. Denied. The authority cited by Defendant does not support its claim. Plaintiff denies that the items listed by Defendant were the "only" information he identified during the course of his deposition, let alone throughout the entire process following his initial complaint of discrimination. (See, e.g., Plaintiff's papers in opposition and exhibits.)

20. Denied. See responses to Nos. 18 and 19 above.

## PLAINTIFF'S STATEMENT OF ISSUES IN DISPUTE

1. Was Plaintiff's age a motivating factor in Defendant's decision to remove him from the ICMS Queue Administrator position, denigrate his performance, terminate his employment, and/or refuse to consider him for other positions for which he was qualified?

2. Was Plaintiff retaliated against for voicing his opposition to perceived age discrimination including administrative filings with the EEOC and CHRO on or about August 24, 2000?

3. Was the fact that Plaintiff had complained of age discrimination internally and externally a motivating factor in Defendant's decisions to terminate his employment and/or refuse to consider him for other open positions for which he was qualified?

4. Was Plaintiff's performance accurately appraised and ranked in good faith or was it tarnished as a result of unlawful discriminatory and/or retaliatory animus?

          THE PLAINTIFF

BY_____
    Francis D. Burke
    MANGINES & BURKE, LLC
    1115 Main Street, Suite 708
    Bridgeport, CT  06604
    (203) 336-0887
    Fed. Bar No. ct18688

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, this 26th day of October 2004, to:

Eric Sussman, Esq.
Day, Berry & Howard
One CityPlace I
Hartford, CT  06103-3499

                                                                        _____
                                                                         Francis D. Burke