UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD KUHN, | : | CIVIL ACTION NO. |
| | : | 3:02CV363 (EBB) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| COMPUTER SCIENCE CORPORATION, | : | |
| | : | |
| Defendant. | : | DECEMBER 3, 2004 |

### REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The defendant, Computer Sciences Corporation ("CSC"), respectfully submits this Reply Brief in Support of its Motion for Summary Judgment. Plaintiff admitted repeatedly at his deposition that he has no facts to support his claims of age discrimination. (Kuhn Dep. at 197, 214-15.) His attorney nonetheless submitted a 45-page brief in which he tries to create an issue of material fact. The brief is riddled with conjecture about the reasons for plaintiff's layoff but devoid of evidence of age discrimination, and therefore, insufficient to defeat CSC's Motion for Summary Judgment. Plaintiff offers the following "evidence" of age discrimination: (1) his own opinion that his performance was "superior"; (2) that two of the employees CSC selected for layoff were the oldest in Kuhn's department; (3) that CSC allegedly violated its own layoff policy by not considering plaintiff's seniority; (4) a CSC document indicating that plaintiff had a "Pending Age Discrimination Suit;" (5) that CSC allegedly replaced plaintiff with younger employees; and (6) that CSC declined to hire plaintiff for an open position that arose several weeks after his layoff.

Plaintiff apparently hopes that this Court will rely on the sheer number of his arguments rather than focusing on their lack of merit.

    A.    *Plaintiff's Subjective Opinion of His Performance is Irrelevant.*

Plaintiff claims that his performance was "superior," (Pl.'s Br. at 30), and that CSC "has failed to prove that any of the specific issues or problems it attempts to impute to Mr. Kuhn's 'poor performance' were in fact properly attributed to him." (Pl.'s Br. at 16.) He devotes several pages of his brief comparing his opinion of his own performance to that of other company employees. (Pl.'s Br. at 21-25.)[1]

It is well-established that an employee's subjective belief that he was most qualified for the position in question is insufficient to prove discrimination. See, e.g., O'Sullivan v. New York Times, 37 F.Supp.2d 307, 318 (S.D.N.Y. 1999) (plaintiff's personal beliefs with respect to his qualifications are insufficient to support claim of intentional discrimination); Cook v. CBS, Inc., No. 94 Civ. 4959, 1997 U.S. Dist. LEXIS 6670, at *18 (S.D.N.Y. May 13, 1997), aff'd, 1997 U.S. App. LEXIS 36437 (2d Cir. 1997) (plaintiff's subjective belief and conclusory assertions that white employees who received promotions were less qualified than he is insufficient to permit a jury to conclude that the promotion decision was motivated by racial bias);[2] Florkowski v. First Pennsylvania Bank, N.A., No. 91-0565, 1991 U.S. Dist. LEXIS 18764, at *26 (E.D.Pa. Dec. 16,

---

[1] In this regard, plaintiff notably *credits* Fred Chavez's criticisms of all of his direct reports, except where those criticisms are directed at plaintiff himself.

[2] Copies of all unreported cases cited herein are attached as Exhibit A.

1991) (plaintiff's mere disagreement with defendants' hiring decision does not prove pretext). Plaintiff's opinion of his own performance is therefore irrelevant.

As to whether CSC's criticisms of plaintiff's performance were "properly attributed" to plaintiff, it is not the role of the plaintiff or this Court to determine whether CSC made the best employment decision or even whether the Court would have taken some alternative action. See Chiaramonte v. Fashion Bed Group, Inc., 129 F.3d 391, 400 (7th Cir. 1997), cert. denied, 523 U.S. 1118 (1998) ("[t]his court has established that it 'does not sit as a super-personnel department that reexamines an entity's business decisions'") (citation omitted); see also Norton v. Sam's Club, 145 F.3d 114, 119-20 (2d Cir. 1998) (employers are not liable for doing "stupid or even wicked things;" no liability absent sufficient evidence of discrimination); Scaria v. Rubin, 117 F.3d 652, 654 (2d Cir. 1997). Plaintiff cannot defeat summary judgment by second-guessing CSC's business judgment. Instead, he must present specific evidence of age discrimination, which he has failed to do.[3] (See Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.")).

---

[3] Plaintiff criticizes CSC's business judgment with respect to his performance. He contends that the company's "reliance on issues related to Property Work Orders which allegedly occurred in June of 2000, and any other purported issues arising prior to…the end of July 2000" is "obviously pretextual in light of Chavez's admission that he was not aware of any performance issues on Plaintiff's part at that time." (Pl.'s Br. at 15.) Plaintiff's argument in this regard is frivolous. The fact that Chavez became aware of certain performance problems of plaintiff several weeks after they occurred does not preclude him from considering those performance issues in his assessment of plaintiff's performance at the time of the layoff decision.

B.   *Plaintiff's Statistical Argument Fails Because His Statistical Sample is Too Small.*

Plaintiff also attempts to defeat summary judgment by making a crude statistical argument, noting that two of the employees CSC selected for layoff were the oldest in plaintiff's department. (Pl.'s Br. at 12, 20.)  First, this fact is insufficient to defeat summary judgment.  Brune v. BASF Corp., No. 99-3194, 2000 U.S. App. LEXIS 26772, at *8, 10-11 (6th Cir. 2000) ("[w]hen a Plaintiff uses statistical evidence to meet the prima facie case, the defendant is entitled to summary judgment unless the Plaintiff can show the defendant's explanations are inherently suspect or can present additional direct or circumstantial evidence, other than the statistics, suggesting that the proffered reasons are not true").

Second, plaintiff's "statistical" argument is meaningless in light of the small statistical sample of only 17 employees who reported to Fred Chavez prior to the reduction in force on March 30, 2001.  Such a tiny statistical sample cannot support an inference of age discrimination.  See, e.g., Jenkins v. Metropolitan Opera Assoc., Inc., 96 Civ. 6665, 1999 U.S. Dist. LEXIS 3023, at *24 (S.D.N.Y. 1999) (plaintiff's statistical argument was insufficient to establish prima facie case of discrimination where the statistical argument was not supported by expert analysis, and consisted of a very small sample group); Pollis v. The New School for Social Research, 132 F.3d 115, 121 (2d Cir. 1997) ("The smaller the sample, the greater the likelihood that an observed pattern is attributable to other factors and accordingly the less persuasive the inference of discrimination to be drawn from it;" Plaintiff's statistical analysis held insufficient to support discrimination claim where statistical sample consisted of only eight people); Mayor of Philadelphia v. Educ. Equal.

League, 415 U.S. 605, 621 (1974) (statistics relating to 13-member panel were insufficient because of small sample size).

  C. *<u>Plaintiff Has No Evidence That CSC Violated Its Layoff Policy.</u>*

  Plaintiff argues that CSC violated its own layoff policy by failing to consider plaintiff's length of service with the company.  (Pl.'s Br. at 39.)  CSC's policy in this regard is that "when two people, <u>in</u> <u>CSC's</u> <u>judgment</u>, possess <u>equal</u> skills, knowledge, ability, reliability and substantially similar performance records, the person with the least length of service shall be laid off first." (CSC0185 (emphasis added)).  As defendant's primary brief makes clear, in CSC's judgment, plaintiff's performance was inferior to, not equal to the performance of others in his department. CSC's policy therefore did not even require consideration of plaintiff's length of service.  Thus, there is no evidence that CSC violated its policies.

  D. *<u>CSC's Reference to Plaintiff's "Pending Age Discrimination Suit" Was Solely For Purposes of Adverse Impact Analyses.</u>*

  During discovery, CSC produced various confidential company documents pursuant to a Stipulated Protective Order.  Plaintiff has attached one of those documents to his brief.[4]  The document states clearly in bold print that it is for "HR use only."  (CSC0610.)  A comment under plaintiff's name refers to a "Pending Age Discrimination Suit."  (CSC0610.)  In his Opposition Brief, plaintiff refers to the document repeatedly in an attempt to suggest that plaintiff's "pending age discrimination suit" motivated his layoff.  (Pl.'s Br. at 12-13, 25-26.)

---

[4] The Stipulation and Protective Order Regarding Confidential Information, entered by the Court on February 11, 2003, requires that confidential materials be filed with the Court under seal. Plaintiff has obviously violated that Order.

Plaintiff has no evidence to this effect. Indeed, the information in the document was completed by Mary Elomaa, Service Delivery Manager, at the request of CSC's Human Resources Department, solely for purposes of conducting any adverse impact analyses. (Affidavit of Mary Elomaa of November 29, 2004 ("Elomaa Aff."), ¶ 6, attached as Exhibit B.) It had nothing to do with plaintiff's layoff, and indeed, the decision to lay off plaintiff had already been made at the time Ms. Elomaa completed the "comments" section of the document.[5] (Elomaa Aff., ¶ 8.) Had plaintiff bothered to depose Ms. Elomaa, whom he knew was involved in the layoff decision, he would have learned this information long ago in discovery. Plaintiff's argument that this document is some sort of "smoking gun," probative of age discrimination, is nothing more than pure conjecture, unsupported by any evidence.

  E. *Replacement By a Younger Employee is Insufficient to Overcome Summary Judgment.*

There is no dispute that Eric Anderson took over plaintiff's responsibilities as ICMS Queue Administrator. For the reasons explained in defendant's primary brief, CSC determined that Anderson was competent for the position and plaintiff was not.

---

[5] In this regard, plaintiff's reliance on Terry v. Ashcroft, 336 F.3d 128 (2d Cir. 2003), is misplaced. In Terry, the court noted that the defendant failed to offer any explanation for the reference to a "Pending Complaint" in a memorandum purporting to list the "Best Qualified Candidates." Id. at 141-42. Here, the document itself provides in bold print that it is for "HR use only," not for purposes of ranking candidates' performance. Moreover, Mary Elomaa's affidavit explains that she referenced plaintiff's age discrimination complaint solely for purposes of any adverse impact analyses by the company.

Plaintiff also claims that, following his layoff, CSC replaced him with Todd Lovejoy. (Kuhn Dep. at 195-96.)[6] Plaintiff disputes CSC's assertion that Lovejoy did not replace plaintiff, and argues that he was qualified for Lovejoy's job because he was "experienced in Windows NT 4.0." (Pl.'s Br. at 11.) First, plaintiff's resume, which he cites in his brief, indicates that plaintiff had training, not experience, in Windows NT. (CSC0087). Second, the fact that plaintiff thinks he was qualified to perform Lovejoy's job does not change the fact that Lovejoy's job was, in fact, different from plaintiff's. Because their jobs were different, plaintiff cannot prove that CSC hired Lovejoy to replace him.[7]

Indeed, as explained in defendant's primary brief, even if plaintiff could somehow show that he was replaced by a younger employee, whether Todd Lovejoy, Eric Anderson or anyone else, "[r]eplacement by a younger individual, while sufficient to establish the fourth element of a prima facie case, does not, standing alone, indicate that defendant's proffered reasons for terminating plaintiff are pretextual." Strohmeyer v. Int'l Bhd. of Painters & Allied Trades, 989 F. Supp. 455, 459 (W.D.N.Y. 1997), aff'd, No. 98-7069, 1998 U.S. App. LEXIS 26002 (2d Cir. N.Y. Oct. 9, 1998).

---

[6] Portions of plaintiff's deposition transcript cited herein are attached as Exhibit C.

[7] Plaintiff claims that, in addition to Lovejoy, CSC also hired Ben Grussi, Chris Bruscia and Dennis Willis following his layoff. (Pl.'s Br. at 13, 40.) CSC did retain Grussi and Bruscia as contingent workers, albeit not employees. (Affidavit of Carl Bishopric of 12/2/04 ("Bishopric Aff."), ¶ 4-5, attached as Exhibit D.) Significantly, however, CSC released Grussi as a contingent worker on March 30, 2001, the same day plaintiff was laid off. (Bishopric Aff., ¶ 4.) Bruscia left of his own volition on April 27, 2001, less than one month after plaintiff's layoff. (Bishopric Aff., ¶ 5.) Finally, although CSC did hire Willis as an employee on September 10, 2001, the company laid him off two months later as well, on November 17, 2001. (CSC0429.)

> It is not a violation of the [ADEA] to replace an employee in the protected class with a younger person, as long as the protected employee is not replaced because of [his] age. Because younger people often succeed to the jobs of older people for perfectly legitimate reasons, the mere fact that an older employee is replaced by a younger one does not permit an inference that the replacement was motivated by age discrimination.

Id. at 460 (citation omitted) (internal quotation marks omitted). See also, Irizarry v. Fortuno, No. 96 Civ. 3617 (HB), 1997 U.S. Dist. LEXIS 7005, at *7 (S.D.N.Y. May 15, 1997) (citation omitted) ("simply because the plaintiff was replaced by someone not in the protected age group is 'insufficient to establish her claim [for age discrimination under the ADEA]'").

### F.   *Plaintiff Admits He Was Not Qualified for the Open MCSE Position.*

Plaintiff also tries to raise an issue of fact by claiming that CSC's decision not to hire him for an open position that arose several weeks after his layoff was based on age. (Pl.'s Br. at 3, 11, 43.) CSC did, in fact, post an "MCSE Position at Sikorsky" on April 17, 2001. (MCSE Posting, attached as Exhibit E.) Plaintiff admitted at his deposition, however, that he was not qualified for that position because he was not MCSE certified.[8] (Kuhn Dep. at 216-21.) Accordingly, there is no genuine issue of material fact that CSC's decision not to offer the MCSE position to plaintiff had nothing to do with his age.

Plaintiff claims that CSC's failure to hire him for the MCSE position was symptomatic of a broader scheme to weed out older employees and bring in younger ones. (Pl.'s Br. at 28-29.) To support this argument, plaintiff points out that 30 individuals whom CSC terminated from its

---

[8] The MCSE position is the one to which plaintiff is referring when he claims that CSC posted his position "almost immediately" following his layoff. (Pl.'s Br. at 3, 11; Kuhn Dep. at 216-17.) Plaintiff's own deposition testimony makes clear, however, that the MCSE position was different from "his position" because, as plaintiff admitted, he was not MCSE certified.

Sikorsky location between January 1, 2000 and January 10, 2003 had an average age of 43.83, while the average age of 47 hirees during the same time period was 36.81.[9]  (Pl.'s Br. at 29.)  This simplistic statistical "analysis" is not evidence of age discrimination.  In the first instance, statistics are not self-proving; the mere fact that younger people may move into the workplace does not prove discrimination.  Smith v. Xerox Corp., 196 F.3d 358, 365-66 (2d Cir. 1999); Ottavani v. State Univ. of N.Y., 875 F.2d 365, 371-72 (2d Cir. 1989).  Moreover, plaintiff's failure to isolate the relevant applicant pool or its age composition further undermines his argument.  Haskell v. Kaman Corp., 743 F.2d 113, 119-20 (2d Cir. 1984) (citation omitted).  Indeed, courts have consistently held that evidence of the relevant applicant pool is essential to any statistical proof of discrimination.  Haskell, 743 F.2d at 119;  EEOC v. Olsen's Dairy Queens, Inc., 989 F.2d 165, 168 (5th Cir. 1993).

Because plaintiff has no evidence of the applicant pool for the 47 open positions, no reasonable jury could infer discrimination by simply comparing plaintiff's age with the ages of candidates whom CSC hired between January 2000 and January 2003.  If, for example, few or no qualified candidates over age 40 applied for the open positions, then it stands to reason that the average age of the hirees would be under 40.  In the absence of any evidence of the relevant applicant pool, plaintiff's statistical claims are meaningless.

Plaintiff's so-called statistical analysis is also flawed because it fails to account for possible nondiscriminatory reasons for the disparities he allegedly found.  An expert's statistical analysis was labeled "practically worthless" for this very reason in Wado v. Xerox Corp., 991 F. Supp. 174,

---

[9] Plaintiff has not offered any evidence that the 47 hirees held the same positions as the 30 employees whom CSC terminated.

185 (W.D.N.Y. 1998), aff'd, Smith v. Xerox Corp., 196 F.3d 358 (2d Cir. 1999).  Wado involved lawsuits by fifteen plaintiffs, all of whom were terminated during a reduction in force that occurred at Xerox in 1994.  Most of the plaintiffs alleged age discrimination claims, under both disparate impact and disparate treatment theories.  To support their disparate impact claims, the plaintiffs relied on the statistical analysis of their expert, which showed that the reduction in force resulted in a statistically significant disparity between the employees who were laid off in the over-40 group and those who were laid off in the under-40 group.  Xerox moved to exclude the expert's analysis because, among other reasons, the expert failed to take into account possible nondiscriminatory factors that might have accounted for the disparity.

The district court began by expressing serious doubts that the statistical analysis was admissible at all.  Id. at 184.  However, the court stated that it was unnecessary to reach the admissibility issue because, even if the report were admissible, it would not suffice to create a triable issue of fact.  Id. at 185.  The court found it "highly significant" that the reports failed to account for possible nondiscriminatory reasons for the disparity found.  Id. at 184.  The court held that the expert's failure to factor in performance and skills assessments used by Xerox to determine which employees were to be laid off rendered the report "of little or no probative value," with respect to both the disparate impact and disparate treatment claims.  Id. at 184, 189.  The court granted the defendant's Motion for Summary Judgment.

As in Wado, Kuhn fails to account for any possible nondiscriminatory reasons for the alleged disparity.  His conclusion of age discrimination is self-serving conjecture, not evidence of discriminatory intent.

-10-

G. *Conclusion*

For all of the foregoing reasons, as well as those explained in its primary brief, CSC is entitled to summary judgment on Counts One, Two, Four, Five and Eight of plaintiff's Complaint.

                                            THE DEFENDANT,
                                            COMPUTER SCIENCES CORPORATION


                                            By_____/s/_____
                                                Albert Zakarian (ct04201)
                                                Eric L. Sussman (ct19723)
                                                Day, Berry & Howard LLP
                                                CityPlace I
                                                Hartford, Connecticut 06103-3499
                                                (860) 275-0100
                                                Its Attorneys

## **CERTIFICATION**

     THIS IS TO CERTIFY that a copy of the foregoing was sent via overnight mail, postage prepaid, to: Francis D. Burke, Esq., Mangines & Burke, LLC, 1115 Main Street, Suite 708, Bridgeport, CT 06604.

                                            /s/_____
                                              Eric L. Sussman